Philip J. Giacinti, Jr. (Bar No. 065909)
PROCOPIO, CORY, HARGREAVES &
 SAVITCH LLP
525 B Street, Suite 2200
San Diego, California  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorney for Debtor, Frank M. Jodzio

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 10-11788-LA11 |
| FRANK M. JODZIO, | Chapter 11 |
| Debtor | **[SECOND MODIFIED] FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED DECEMBER 22, 2010** |
| | Dept:  Two<br>Judge: Hon. Louise DeCarl Adler |

Pursuant to 11 U.S.C. §§ 1121, 1123, 1129 and the applicable provisions of Title 11, Frank M. Jodzio submits his first amended Chapter 11 plan of reorganization:

I.

**INTRODUCTION**

Frank M. Jodzio voluntarily filed for relief under Chapter 11 on July 2, 2010.  The meeting of creditors was concluded on August 10, 2010.  The Debtors July and August operating reports were filed on September 29, 2010.  September and October Operating Reports were filed on or about November 9, 2010.

The Debtor's Disclosure Statement and Plan of Reorganization are filed and the Debtor seeks confirmation of this plan following approval of his disclosure statement.

## II.

## DEFINITIONS

For ease of reference the Debtor provides the following plan definitions:

The capitalized terms in this Plan are defined in Appendix "1." Whenever any word, words or phrase which is defined by any provision of the Bankruptcy Code is used, then, unless the Plan in Appendix "1" or the context specifically gives a different meaning, such word, words or phrase shall, for the purpose of this Plan, have the same meaning as that established by the Bankruptcy Code.

## III.

## GENERAL BANKRUPTCY CODE CONSIDERATIONS FO THE CHAPTER 11 CONFIRMATION

The Debtor is an individual. His spouse Victoria Jodzio is not a Debtor under Title 11 of the Bankruptcy Code.

The Debtor filed for relief under Chapter 11 on July 2, 2010. The Debtor did not qualify for relief under Chapter 7 as he did not satisfy the "means test" under 11 U.S.C. 707(b). The Debtor did not qualify for relief under Chapter 13 as his secured obligations exceed the limit provided for in 11 U.S.C. § 109(e).

As a Debtor under Chapter 11, the Debtor's Plan provides net disposable income for the period of 60 months following confirmation for Plan payments to unsecured creditors and required by 11 U.S.C. § 1129(a)(15) and provides for payment in full as well.

Additionally, all secured creditors are to be paid in full under the terms of the Debtor's Plan.

## IV.

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

Administrative expenses are not set forth in a class of claims. Administrative expenses will be paid in cash in full at confirmation subject to noticed application for payment and Court approval.

Priority tax claims would also not be classified. There are no unpaid priority tax claims.

| Class 1: | Home Bank | Secured | 7050 Friars Road |
|---|---|---|---|
| Class 2: | Chase | Secured | 930-932 27th Street |
| Class 3: | Chase | Secured | 924-926 27th Street |
| Class 4: | Chase | Secured | 1040-44 24th Street |
| Class 5: | Chase | Secured | 5001 Kensington Drive |
| Class 6: | Home Bank | Secured | 1744 6th Avenue |
| Class 7: | Home Bank | Secured | 915 25th Street |
| Class 8: | Citi Mortgage | Secured | 1650 8th Avenue |
| Class 9: | Citi Mortgage | Secured | 2476 A Street |
| Class 10: | Citi Mortgage | Secured | 2859-2842 C Street |
| Class 11: | Citi Mortgage | Secured | 5102 Canterbury Drive |
| Class 12: | EMC Mortgage | Secured | 5182 Hastings |
| Class 13(A), (B): | SDCCU | Secured | 13a. 2700 Adams<br><br>13b. 5182 Hastings |
| Class 14(A), (B): | General Unsecured |  | 14a. Credit Card renewal<br><br>14b. All other unsecured creditors |
| Class 15 | Debtor's interests | Equity | All Debtor's assets |

## V.

## **CLASSES OF CLAIMS NOT TO BE IMPAIRED UNDER THE DEBTOR'S PLAN**

Class 1:  (Home Bank: 7050 Friars Road).

The cure provisions are discussed under the analysis of <u>Means For Implementation of The Plan</u>, paragraph VIII, page 6, below.

## VI.

## **TREATMENT OF IMPAIRED CLASSES OF CLAIMS**

The only class of impaired creditors where there is more than one creditor in the class is class 14, the class of unsecured creditors.

| Class 2: | Chase | 930-932 27th Street: At the sole option of Chase. |
|---|---|---|

3

Case No. 10-11788-LA11

117854/000001/~~1260940.05~~1260940.06

| | | |
|---|---|---|
| | | a. Modification of Chase first deed of trust to $200,000 payable over balance of note term together with interest at 6%, waiving any claim in Class 14; or |
| | | b. Elect to have property foreclosed or "short saled" by not voting or not electing modification under Paragraph a. |
| Class 3: | Chase | 924-926 27th Street: At the sole option of Chase: |
| | | a. Modification of Chase first deed of trust to $350,000 payable over balance of note term together with interest at 6%; or |
| | | b. Elect to have property foreclosed or "short saled" by not voting or not electing modification under Paragraph a. |
| Class 4: | Chase | 1040-44 24th Street. |
| | | a. Chase will retain its lien |
| | | b. Any delinquencies will be rolled into the existing note; |
| | | b. Paid in full over balance of the note term with interest at the note rate. |
| Class 5: | Chase | 5001 Kensington Drive |
| | | a. Chase will retain its lien |
| | | b. Any delinquencies will be rolled into the existing note; |
| | | b. Paid in full over balance of the note term with interest at the note rate. |
| Class 6: | Home Bank | 1744 6th Avenue |
| | | a. Home will retain its lien |
| | | b. Any delinquencies will be rolled into the existing note; |
| | | b. Paid in full over balance of the note term with |

4

| | | |
|---|---|---|
| | | interest at the note rate. |
| Class 7: | Home Bank | 915 25th Street<br><br>    a.    Home will retain its lien<br><br>    b.    $10,000 in loan proceeds are presently held by Home Bank and never provided to Jodzio. $5,000 of those loan proceeds are to be applied to the principal outstanding of the note and $5,000 are to be released to Jodzio. Any remaining delinquencies are rolled into the note. Thereafter, the payments required under the Home Bank note will be paid by Jodzio according to the terms of the existing promissory note and for the balance of the term of the note until paid in full. |
| Class 8: | Citi Mortgage | 1650 8th Avenue<br><br>    a.    Citi will retain its lien<br>    b.    All delinquent amounts added to promissory note<br>    c.    Paid in full over balance of note term with interest at the note rate and pursuant to note repayment terms. |
| Class 9: | Citi Mortgage | 2476 A Street<br><br>    a.    Citi will retain its lien<br>    b.    All delinquent amounts added to promissory note<br>    c.    Paid in full over balance of note term with interest at the note rate and pursuant to note repayment terms. |
| Class 10: | Citi Mortgage | 2859-2842 C Street<br><br>    a.    Citi will retain its lien<br>    b.    All delinquent amounts added to promissory note<br>    c.    Paid in full over balance of note term with interest at the note rate and pursuant to note repayment terms. |
| Class 11: | Citi Mortgage | 5102 Canterbury Drive:<br><br>    a.    Citi will retain its lien |

| | | |
|---|---|---|
| | | b.    All delinquent amounts added to promissory note<br><br>c.    Paid in full over balance of note term with interest at the note rate and pursuant to note repayment terms. |
| Class 12: | EMC Mortgage | 5182 Hastings:<br><br>a.    EMC will retain its lien<br><br>~~b.    All delinquent amounts added to promissory note~~<br><br>~~c.    Paid in full over balance of note term with interest at the note rate and pursuant to note repayment terms~~<u>b.</u><br><br><u>Pursuant to stipulation between Class 12, the Debtor and Mrs. Jodzio, the Class 12 note term will remain unchanged, except pre-confirmation defaults to be cured over sixty (60) months, post confirmation. The terms of the Class 12 and Debtor's stipulation to be incorporated in the order confirming the Plan.</u> |
| Class 13:<br>13(A)<br>13(B) | SDCCU | <u>13(A)</u>:  2700 Adams<br><br>a.    SDCCU will retain its lien<br><br>b.    All delinquent amounts added to promissory note<br><br>c.    Paid in full over balance of note term with interest at the note rate and pursuant to note repayment terms.<br><br><u>13(B)</u>:  5182 Hastings<br><br>a.    SDCCU will retain its lien<br><br>b.    All delinquent amounts added to promissory note<br><br>c.    Paid in full over balance of note term with interest at the note rate and pursuant to note repayment terms. |
| Class 14:<br>~~14(A)~~<br><br>~~14(B)~~ | General Unsecured | ~~14(A):  Credit card indebtedness where the credit card issuer agrees to continue authorization of the Debtor's use of the credit card. The Debtor reaffirms his indebtedness and will pay in full under normal credit card terms.~~ |

| | | |
|---|---|---|
| | | 14(B): All of the unsecured creditors, if any, including those in classes entitled to claim any deficiency under 11 U.S.C. § 1111(b) will be paid a dividend over five years from "disposable income" as defined in 11 U.S.C. § 1129(a)(15), together with interest on the State of California judgment rate, with all unsecured creditors to be paid in full within sixty (60) months from the effective date of the Plan. |
| Class 15 | Jodzio | The Debtor will retain his interest in all property |

All terms of existing notes and deed of trusts to remain unchanged post-confirmation.

## VII.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor does not believe he has any executory contracts. To the extent any exist, the Debtor will neither assume nor reject those contracts.

The Debtor is a lessor of 12 real property investments. The rights and obligations as landlord to tenant and tenant to landlord under Chapter 11 are provided for in 11 U.S.C. § 365(h).

The Debtor will neither assume nor reject any unexpired lease of real property in which the Debtor is lessor.

The Debtor will continue to collect rents post-confirmation and maintain and manage the rental properties and seek tenants for all vacancies. The Debtor will also pursue unlawful detainer proceedings where appropriate.

The Debtor and his non-debtor spouse will continue to manage the rental properties renting vacant units or properties as well as paying all expenses from a single property management account. Upon confirmation, all cash collateral accounts kept for separate properties may be kept in place or closed at the Debtor's option to save expense.

Unless otherwise provided under California law dealing with breaches of leases by tenants, security deposits will be returned to all tenants upon completion of lease.

## VIII.

## **MEANS FOR EXECUTION OF THE PLAN**

Unless Chase (Class 2) (930-932 27th Street) and (Class 3) (924-926 27th Street) elect to have its collateral "short saled" or foreclosed, the Debtor will pay Chase in Class 2 $200,000 and in Class 3 $350,000 payable over the balance of the respective existing note terms together with interest at 6%.

Classes 4 (Chase 1040-44 24th Street); 5 (Chase 500 Kensington Drive); 6 (Home Bank 1744 6th Avenue); 7 (Home Bank 915 25th Street); 8 (Citi Mortgage 1650 8th Avenue); 9 (Citi Mortgage 2476 A Street); 10 (Citi Mortgage 2859-2842 C Street); 11 (Citi Mortgage 5102 Canterbury Drive); ~~12 (EMC Mortgage 5182 Hastings);~~ and 13 (SDCCU 2700 Adams and 5182 Hastings) will be paid in full with all delinquencies, if any, added to principal, with payment over the balance of the term of the note, together with interest at note rate according to existing promissory note terms.  Class 12 (EMC Mortgage 5182 Hastings) have agreed that all delinquencies will be cured over sixty (60) months with regular note payments to be made post-confirmation.

With regard to Class 7 (Home Bank 915 25th Street), Home Bank holds in segregated loan funds $10,000 as cash collateral.  The monthly payments made to Class 7 under the terms of the Class 7 note will remain current.  $5,000 of the cash collateral will be applied to the principal outstanding balance of the loan.  $5,000 of the cash collateral will be released to Jodzio for Plan financing purposes as needed and in his sole discretion.  Thereafter, the monthly payments will be made by Jodzio according to the terms of the Class 7 promissory note.

7050 Friars Road (Class 1 Home Bank) has been sold with Class 1 to be paid in full.  The balance of the proceeds from the sale of 7050 Friars Road – approximately $214,000 - will be used to bring current all unpaid real property taxes for all properties, cure any delinquencies in Class 12 (EMC Mortgage 5182 Hastings), pay all administrative expenses in full and U.S. Trustee's fees.

The balance of proceeds of sale of 7050 Friars Road will be used to pay unsecured creditors in Class 14 in full over five years with interest at 5%.  Should they elect to renew credit

8

Case No. 10-11788-LA11

117854/000001/~~1260940.05~~1260940.06

cards on terms acceptable to the Debtor, the Debtor may elect to pay the claim in full at confirmation.

Any remaining proceeds of sale of 7050 Friars Road will be placed in the property management account to be used to cover mortgage payments where vacancies occur in rentals.

The funds from the sale of 7050 Friars Road are sufficient to cover all required plan payments.

Prior to confirmation, Jodzio will continue to comply with the Bankruptcy Court's cash collateral order dated August 11, 2010. Following entry of the confirmation order, Jodzio will release all net proceeds from each cash collateral account, if any, to each Class thus closing their respective cash collateral accounts.

Except with respect to Class 1 (7050 Friars Road), Class 2 (930-932 27th Street) and Class 3 (924-926 27th Street) the Debtor is to retain all properties. However, post-confirmation the Debtor may sell any or all properties remaining to maintain all payments due under the Plan.

## IX.

## **RETENTION OF JURISDICTION**

Until the Plan has been fully consummated through entry of the final decree, the Bankruptcy Court shall retain jurisdiction over the following:

1. Hearing and determining all claims and rights of action within the jurisdiction provided for by 28 U.S.C. §§ 157 and 1334.

2. Fixing the allowance of any Claim or any Administrative Expense of the Chapter 11 case.

3. Reexamining any Claim which has been allowed as of the Effective Date.

4. Hearing and determining any objection to a Disputed Claim as provided in the Plan.

5. Hearing and determining the applications for post-confirmation fees and expenses of the Liquidating Trustee and professionals employed by either the Liquidating Trustee or the Committee.

6. Except with respect to a dispute over the allowance of a claim, the automatic stay of 11 U.S.C. § 362 does not remain in effect post-confirmation.

Final fee applications or requests for payment of administrative expenses are to be filed and served within thirty day (30) after entry of a final order confirming the Debtor's plan. The Court's interim fee approval order dated September 27, 2010, will remain in effect pending hearing on final fee applications.

### X.

### EFFECT OF CONFIRMATION

The Confirmation Order shall vest all real and personal Property of the Estate not previously sold or abandoned in the Debtor, as free and clear of any and all liens and interests not provided for in Classes 1 through 14.

Section 1141 of the Bankruptcy Code provides that confirmation of a Chapter 11 plan for a individual does result in a discharge of Claims against the Debtor.

### XI.

### INCOME TAX CONSEQUENCES OF THE PLAN

The Plan does not contemplate any unusual tax consequences as the Debtor has and will file timely all necessary tax returns. The Plan terms do not require any extraordinary taxable event. There are no unpaid priority tax claims. All delinquent real property taxes are paid in full at confirmation.

CREDITORS ARE URGED TO CONSULT THEIR OWN TAX ADVISORS AS TO THE CONSEQUENCES, IF ANY, OF THE PLAN UNDER APPLICABLE FEDERAL STATE AND LOCAL TAX LAWS AS THEY APPLY TO THEM.

### XII.

### VOTING AND CONSENTS TO THE JOINT PLAN

The Plan divides the Claims of creditors into fourteen (14) Classes, inclusive of Class 14 with subclass. Classes of creditors and interest holders impaired under the Plan are entitled to vote. Creditors in Classes 1 through 11 and 13 and 14 are impaired and therefore, entitled to vote. Class 12 is ~~not impaired and does not vote as it is deemed to have accepted the~~

~~Plan~~<ins>impaired and has entered into a stipulation with the Debtor for its treatment as the holder of a claim on the Debtor's principal residence</ins>.

### XIII.

### CONFIRMATION REQUIREMENTS

The Plan can be confirmed by the Court provided that at least one Class of impaired creditors vote in favor of the Plan.  For an impaired Class to approve the Plan, one-half (1/2) of those voting in the Class, other than insiders, must vote in favor of the Plan and two-thirds (2/3) of the total allowed Claim amounts voting, other than insiders, must vote in favor of the Plan.

The Court may confirm the Plan even if not all impaired Classes vote in favor of the Plan.  The Debtor will seek confirmation so long as one impaired class votes in favor of the Plan.

In order to confirm the Plan, the Court must find that the Plan satisfies the applicable requirements set forth in Sections 1129(a) and (b) of the Bankruptcy Code.

DATED: May 23, 2011					PROCOPIO, CORY, HARGREAVES &
							       SAVITCH LLP


							By:	/s/ Philip J. Giacinti, Jr.
								_____
								Philip J. Giacinti, Jr.
								Attorneys for Debtor,
								Frank M. Jodzio

# APPENDIX 1

# DEFINITIONS

The Debtor, in an effort to simply the language and make the plan readable to non-lawyers, have defined certain terms in laymen's language. The following definitions were drafted with this in mind. The formal definitions provided for these terms in the Bankruptcy Code and Bankruptcy Rules control over the plan definitions in the event of any confusion:

1. <u>Administrative Expense</u>: Any cost or expense incurred by the estate of Frank M. Jodzio (Debtor) on or after July 2, 2010, that was reasonable and incurred in administering the Chapter 11 case preserving the Debtor's assets. Items such as trustee fees, attorney and accounting fees, wages, rent, insurance premiums and storage fees are types of administrative expenses although this is not an exclusive list.

2. <u>Allowed Claim</u>: Any debt or obligation incurred by the Debtor to any person or entity prior to July 2, 2010, for which a proof of claim was filed by November 15, 2010, and which the Court has approved. An allowed Claim is also one scheduled by the Debtor provided it is not listed as contingent, disputed or unliquidated.

3. <u>Bankruptcy Code</u>: Title 11 of the United States Code, commonly referred to as the United States Bankruptcy Code.

4. <u>Bankruptcy Court</u>: The United States Bankruptcy Court for the Southern District of California, including the Judge of the United States Bankruptcy Court presiding in this Chapter 11 Case, together with any other court granted jurisdiction by 28 U.S.C. section 1334 and any successor court as may be granted jurisdiction over this case by Congress.

5. <u>Claims Bar Date</u>: November 15, 2010, the date set by the Bankruptcy Court as the last day for filing Proofs of Claim.

6. <u>Business Day</u>: A day that is not a Saturday, Sunday or legal holiday as identified in Federal Rule of Bankruptcy Procedure 9006(a).

7. <u>Chapter 11 Case</u>: The Chapter 11 Case entitled In re Frank M. Jodzio, pending before the United States Bankruptcy Court for the Southern District of California and designated as Case No. 10-11788-LA11.

8. <u>Claim</u>: Any right, as defined in section 101(5) of the Bankruptcy Code, arising before the commencement of the Chapter 11 Case.

9. <u>Claim Objection Deadline</u>: The ninetieth (90th) day after the Effective Date.

10. <u>Class</u>: A Class of Claims or interests as defined in Article IV of the Plan.

11. <u>Confirmation Date</u>: The date upon which the Confirmation Order is entered by the Bankruptcy Court.

12. <u>Confirmation Order</u>: The Order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

13. <u>Debtor</u>: Frank M. Jodzio, a married individual.

14. <u>Effective Date</u>: The eleventh (11th) Business Day following the entry of the Confirmation Order.

15. <u>Final Order</u>: An Order of the Bankruptcy Court or other Court of competent jurisdiction that has been entered and either: (i) the time for appeal from such entered Order has expired with no appeal having been filed timely; or (ii) any appeal that had been filed timely has been dismissed or finally determined; or (iii) any timely appeal of an order or judgment has become moot.

16. <u>Petition Date</u>: July 2, 2010, the date on which the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

17. <u>Plan</u>: This Plan of Reorganization in its present form or as it may be amended or modified from time to time and as confirmed by an order of the Bankruptcy Court.

18. <u>Professional Fees</u>: Those fees incurred by Debtor-in-Possession, any court appointed expert post-petition and prior to the Confirmation Date, of professionals whose employment was approved by the Bankruptcy Court.

19. <u>Property of the Estate</u>: Any and all property, real or personal, tangible or intangible, of the Debtor, as such term is defined in section 541 of the Bankruptcy Code.

20. <u>Short Sale</u>: Is defined as the secured deed of trust holders agreement to approve a sale of the encumbered real property, releasing its deed of trust for less than the full amount owed the secured creditor.

21. <u>Secured Claim</u>: A Claim the repayment of which is secured by a creditor's interest in the Debtor's interest in property of the Debtor's Estate.

22. <u>Unsecured Claim</u>: A Claim, the payment of which is not secured by Property of the Debtor's Estate.

Document comparison done by Workshare DeltaView on Monday, May 23, 2011 4:16:41 PM

| Input: | |
|---|---|
| Document 1 | PowerDocs://DOCS/1260940/5 |
| Document 2 | PowerDocs://DOCS/1260940/6 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 8 |
| Deletions | 10 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 20 |